STATE EX REL. OWEN, Attorney General, Respondent, vs. WISCONSIN-MINNESOTA LIGHT & POWER COMPANY, Appellant.

*April 6—April 24, 1917.*

*Water powers: Regulation of level and flow: Constitutional law: Validity of statute: Orders of railroad commission: Right of review not given to all parties affected: Taking of private property: Due process of law: Equal protection of the laws.*

1. The Water Power Act of 1913 (ch. 755, Laws 1913; secs. 1596—50 to 1596—79, Stats. 1913), which, among other things, empowers the railroad commission "to regulate and control the level and flow of water in all navigable waters" of the state, was intended as a complete scheme for the control and supervision of dams, modifying, in so far as it conflicted therewith, franchises previously granted; and, by reason of its failure to give some of the parties adversely affected the right to test in the courts the validity of orders of the commission—compliance with which may mean practical confiscation of property, while for refusal to comply heavy penalties may be imposed,—the act is unconstitutional in that it permits the taking of private property without compensation and without due process of law, and in that it

fails to give all parties similarly situated the equal protection of the laws.

2. The term "grantee" being defined in sub. (8), sec. 1596—50, as the grantee of a franchise under said ch. 755, one who maintains and operates a dam under a franchise granted by a prior act of the legislature is not one of the parties, designated in sec. 1596—76, who are given a right to review orders of the commission.

[3. Whether said ch. 755 should be declared unconstitutional because of the heavy penalties provided for, is not determined.]

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

*Mandamus.* By ch. 222 of the Laws of 1883 defendant's predecessors in title obtained the right to build and maintain a dam across Long Lake river just below Long Lake, then in Burnett, now in Washburn, county, with the maximum head of twelve feet. The franchise was granted upon condition "that any of the provisions of this act may be altered, amended or repealed, whenever the legislature may deem it proper to alter, amend or repeal the same." Its present right to maintain the dam is claimed under this act of 1883. On January 30, 1915, the railroad commission of Wisconsin, pursuant to authority granted by ch. 755, Laws 1913, and after a hearing, entered an order providing that the defendant should maintain its dam "between the maximum level of six feet and the minimum level of five feet," with the proviso that, "in cases of flood due to rain or rapidly melting snow, the maximum level may, for a period not to exceed twenty-four hours, be raised three inches."

The defendant failed to comply with the provisions of the order, and in June, 1915, this action of *mandamus* was begun in the circuit court for Dane county to compel obedience thereto. The circuit court held the order valid and entered judgment requiring the defendant to comply with the provisions thereof. From such judgment the defendant appealed.

For the appellant there was a brief by *Charles McPherson* of Grand Rapids, Michigan, attorney, and *George D. Van Dyke* of Milwaukee, of counsel, and oral argument by *Mr. McPherson.*

For the respondent there was a brief by the *Attorney General* and by *E. T. Elver* of Madison, of counsel, and oral argument by *Mr. Elver* and *Mr. E. E. Brossard,* assistant attorney general.

VINJE, J.    Ch. 755 of the Laws of 1913 is found as secs. 1596—50 to 1596—79, inclusive, of the Statutes of 1913. The section providing for judicial review reads as follows:

"Section 1596—76. The state, any municipality, or any grantee shall be entitled to review in the circuit court for Dane county any order or finding of the commission made subsequent to the granting of the franchise, and all of the provisions of sections 1797m—1 to 1797m—109, inclusive, of the statutes, relating to the review of orders or findings made by the commissions, so far as applicable, shall apply to the review herein provided for, including the right of appeal to the supreme court."

The term "grantee" is defined in sub. (8) of sec. 1596—50 as the grantee of a franchise under ch. 755.    The defendant, therefore, is not one of the designated parties in sec. 1596—76 given a right to review the orders of the commission, and nothing is contained in secs. 1797m—1 to 1797m—109, inclusive, giving it such right.    So after the order of the commission was made it found itself in this situation: it either had to comply with the provisions of the order, in which case its property was practically confiscated, or it had to run the risk of having the penalties, provided for in sec. 1596—74, of not more than $1,000 for each violation, collected from it. Presumably each act of keeping the level of the water below the minimum or above the maximum would constitute a separate and distinct violation for which the maximum penalty

might be exacted. The defendant claims that a statute which permits the railroad commission of Wisconsin to deal so drastically with its property under such heavy penalty for disobedience, without any right on its part to test the validity of the commission's action by appeal to or review in the courts, is unconstitutional. It is further claimed that under the rule announced in *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885, the act of 1913 should be declared unconstitutional because of the heavy penalties, even if it gave every party a right to his day in court. It is not necessary to pass upon the latter claim in this case because we all agree that the failure of the legislature to give every party adversely affected by an order of the commission his right to test the validity of such order in the courts of the state renders the act void. In *Wadley S. R. Co. v. Georgia,* 235 U. S. 651, 35 Sup. Ct. 214, the court, after reviewing a large number of cases upon this subject, including *Bonnett v. Vallier, supra,* concludes its discussion with this statement of the law applicable to such a situation:

"In the light of this unbroken line of authorities, therefore, a statute like the one here involved (under which penalties of $5,000 a day could be imposed for violating orders of the commission) would be void if access to the courts to test the constitutional validity of the requirement was denied; or, if the right of review actually given was one of which the carrier could not safely avail itself." Page 666.

Here the defendant is not only denied due process of law, but it is denied the equal protection of the laws, inasmuch as the statute gives the right of appeal to certain specified parties and denies it to others without any apparent valid basis for such classification. *Janesville v. Carpenter,* 77 Wis. 288, 46 N. W. 128; *Northwestern Mut. L. Ins. Co. v. State,* 163 Wis. 484, 490, 155 N. W. 609, 158 N. W. 328, and cases cited.

The evidence shows that the defendant's predecessors in

title built the dam for log-driving purposes and that it was so used until about fourteen years ago, since which time it has been used as a reservoir dam for power purposes. It is quite evident that a dam situated as this is, in which a variation of level of only twelve inches is permitted, is practically worthless for power purposes. It is common knowledge that most inland lakes in this state without dams vary more in level than was permitted by the order of the commission. To keep the water during a dry season up to within twelve inches of its level during flood time might be impossible even if the dam were tightly closed, and to keep it only twelve inches higher at flood time than at a time of prolonged drought might be equally impossible even if the dam were entirely removed. This fact is adverted to and is material only because it emphasizes the serious consequences to the defendant resulting from a denial of access to the courts. To comply meant confiscation of his property; to refuse to comply might mean the incurring of penalties equally confiscatory.

The act of 1913 was intended as a complete scheme for the control and supervision of dams, modifying, in so far as it conflicted therewith, franchises previously granted. By reason of its failure to give some of the parties affected by it access to the courts, it must be held to be unconstitutional in that it permits the taking of private property without compensation and without due process of law (*Water Power Cases,* 148 Wis. 124, 148, 134 N. W. 330), and in that it fails to give all parties similarly situated the equal protection of the laws.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment quashing the alternative writ of *mandamus.* No costs to be taxed by either party in either court. The defendant will pay the clerk's fees in this court.