STATE OF DELAWARE v. CHARLES HARRIS, JR.

(*July* 28, 1950.)

WOLCOTT, J., sitting.

*Joseph H. Flanzer,* Deputy Attorney-General, for the State.

*E. N. Carpenter, II,* for the defendant.

Court of General Sessions for New Castle County, Bastardy, No. 27, May Term, 1950.

WOLCOTT, J.:

The transcript of the record below discloses that the defendant was tried and convicted in the Family Court of this county on a charge of non-support of an illegitimate child. The appeal to this court was taken from the order adjudging him guilty of non-support òf the illegitimate child. The information filed against him in this court as a result of his appeal, however, charges him with the offense of bastardy.

In *Monastakes* v. *State*, 2 *W*. *W*. *Harr*. 549, 127 *A*. 153, the Supreme Court of Delaware held that criminal appeals to the Court of General Sessions from inferior courts, while tried de novo in the Court of General Sessions, nevertheless, must be for the same offense that was tried in the inferior court.

The information filed in the Court of General Sessions is based on a transcript of a record sent up by the court below and must necessarily be for the same offense which the transcript discloses was the offense for which the defendant was tried.

In the case at bar, the defendant was tried below for the non-support of an illegitimate child under Section 3527, R. C. 1935, as amended. The information on file in the Court of General Sessions is for the offense of bastardy and does not charge non-support. The offense charged is brought under an entirely different chapter of the Revised Code and is not the same offense for which the `defendant was tried below. The information is therefore quashed.

This ruling makes it unnecessary to consider the first reason assigned in the motion to quash.