## Michael Kowal v. The State of Delaware.
## Eugene Shalkoski v. The State of Delaware.

(*March* 21, 1956.)

Carey, J., sitting.

*Ernest S. Wilson, Jr.,* (of Morford and Bennethum), and *Hayden C. Covington* (of Brooklyn, New York) for plaintiffs in error.

*Wilfred J. Smith, Jr.,* Deputy Attorney-General, for respondent.

Superior Court for New Castle County, Nos. 1103 and 1104, Civil Action, 1954.

Carey, J.:

By their allegations of diminution, plaintiffs seek to have this Court direct the Court below to incorporate in its record and return the transcript of evidence taken at the trial. Although in this State the Courts of Common Pleas have no official reporter, it appears that the evidence in these cases was taken at the request of the plaintiffs by a qualified reporter, who supplied a transcript to the trial Judge. Plaintiffs contend that the Court below misconstrued a criminal statute in such way as to render it unconstitutional; that plaintiffs were prejudiced thereby; that the present record fails to disclose this error, which can only be discovered through an examination of the evidence. Plaintiffs further point out that the sentence imposed in each

case was a fine of $5, wherefore they have no right of appeal; they contend that certiorari is the only available remedy, but that this remedy would be meaningless in these cases unless the evidence is sent up.

■ The short answer to plaintiffs' contentions is that the Supreme Court of this State has held that the evidence is not part of the record in certiorari proceedings. *Thompson v. Thompson,* 3 *W. W. Harr.* 593, 600, 140 *A.* 697. Clearly, it would be a futile act to compel the transcript of evidence to be sent up when we could not examine it for alleged error after we received it.

Two cases have been cited as supporting the proposition that the stenographic record of testimony is a part of the record in certiorari. Neither of them so holds. *Douglass v. Reynolds, Byrne & Co.,* 7 *Pet.* 113, 32 *U. S.* 113, 8 *L. Ed.* 626 was before the Supreme Court on a writ of error. *Mayor, Aldermen and Inhabitants of New Orleans v. U. S.,* 5 *Pet.* 449, 30 *U. S.* 449, 8 *L. Ed.* 187, was an appeal in a chancery case.

■ Plaintiffs urge strongly that the denial of their request leaves them without remedy in the Courts of this State. Whether this suggestion is correct may be doubtful. A fairly substantial argument could be made to the contrary. See *Knight v. Haley,* 6 *W. W. Harr.* 366, 176 *A.* 461. In any event, irrespective of whether prohibition would lie, this Court is bound by the ruling in the *Thompson* case, *supra.*

Plaintiffs' allegations must be disallowed.