C., Defendant below, Appellant,

v.

A., Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Sept. 20, 1977.

Decided Oct. 12, 1977.

L. Vincent Ramunno, Wilmington, for defendant below, appellant.

James A. Walsh, Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, and DUFFY and McNEILLY, Justices.

PER CURIAM:

In this action for specific performance of a separation agreement, which was not merged into a decree divorcing the parties, the Family Court ordered the former husband (defendant) to pay the contract amount. Upon defendant's failure to comply, the Court found him in contempt and entered an enforcement order. This appeal followed.

## I.

■ Defendant contends, that due to unforeseen changes in his financial condition, the Court should not grant specific performance of the separation agreement and that the Trial Court erred in not modifying or altering the agreement. We disagree. It is settled Delaware law that, in the absence of a provision in a separation agreement to the contrary, an unfavorable change in financial circumstances is not a valid defense to specific performance of the agreement, *Wife, B.T.L. v. Husband, H.A.L.,* Del.Ch., 287 A.2d 413 (1972); *aff'd,* Del.Supr., 336 A.2d 216 (1975); *J.W.P., Wife v. R.E.P., Husband,* Del.Ch., 301 A.2d 318 (1973); *Dumel v. Dumel,* 42 Del.Ch. 465, 213 A.2d 859 (1965). Accordingly, the Family Court properly refused to rewrite the separation agreement to reflect any of defendant's changed circumstances.

■ Furthermore, since the rights of the parties were established by contract, testimony regarding the financial and economic position of the former wife (plaintiff) was irrelevant and properly excluded by the Trial Court.

## II.

■ Defendant also contends that it was error for the Family Court to enter an order attaching his wages in the amount of $45.00 per week to enforce payment of the sums owed and accruing under the separation agreement. Two statutes are cited in support of the Court attachment: these are 13 *Del.C.* § 507(a).* and 13 *Del.C.* § 516(a).**

Considering these in reverse order, § 516(a) by its terms authorizes an attachment for wages only when an order of "support for a spouse or child" is the basis therefor. This is not an action for "support" nor is plaintiff a "spouse". It necessarily follows, therefore, that plaintiff is not entitled to a wage attachment on the basis of § 516(a).

■ Turning now to § 507, that statute confers upon the Family Court "exclusive jurisdiction" for the "enforcement" (as well as the construction) of agreements "between persons formerly spouses". A fair reading of the 1974 Desertion and Support Act, 59 *Del.L.* ch. 567 (which includes § 507) reveals that, beyond doubt, an important Legislative purpose thereof was to terminate jurisdiction of the Court of Chancery in such cases and to vest it in the Family Court. *Wife K v. Husband K,* Del.Supr., 369 A.2d 684, 685 (1977). And, clearly, the Act was intended to make available to par-

---

* 13 *Del.C.* § 507(a) provides in pertinent part:
   ". . . The Court shall have exclusive jurisdiction with respect to construction and enforcement of agreements relating to payments for support between spouses, between persons formerly spouses, between parents and children and between parents and children's spouses or former spouses. The Court shall have and exercise all other jurisdiction and powers relating to support and separate maintenance

actions heretofore possessed by the Chancellor or the Court of Chancery of the State."

** 13 *Del.C.* § 516(a) provides:
   "(a) If the Court, after notice to defendant and a hearing on a rule to show cause, concludes that the defendant has violated the terms of an order of support for a spouse or child, it may punish such defendant for contempt and may attach the defendant's wages."

ties suing under it the same procedural rights which they would have had theretofore in a comparable action brought in the Court of Chancery. See, for example, § 507(a), § 513(6) and § 515(a). Indeed, unless the legal remedies are adequate to those in Chancery, it is doubtful that any divestiture statute would survive a constitutional attack. Cf. *Du Pont v. Family Court for New Castle County,* Del.Supr., 2 Storey 72, 153 A.2d 189 (1959).

It follows, therefore, that the wage attachment ordered by the Family Court in this action is valid if prior to the adoption of 59 *Del.L.* ch. 567 plaintiff could have secured a similar order in the Court of Chancery.

We think that she could have by virtue of Chancery Rule 70(b) which provides in part:

"(b) *Contempt and Other Remedies for Disobedience of Court Order.* For failure to obey a restraining or injunctive order, or to obey or to perform any order, an attachment may be ordered by the Court upon the filing in the cause of an affidavit showing service on the defendant, or that the defendant has knowledge of the order and setting forth the facts constituting the disobedience. At the hearing of the attachment, the examination of the defendant and also of witnesses shall be oral before the Court, unless it be otherwise ordered by the Court."

For this reason we conclude that the attachment order issued by the Family Court was valid.

\* \* \*

Affirmed.