# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CITIZENS AGAINST SOLAR )
POLLUTION, a Delaware unincorporated )
nonprofit association, DONALD LEE )
GOLDSBOROUGH, TRUSTEE UNDER )
REVOCABLE TRUST AGREEMENT OF )
DONALD LEE GOLDSBOROUGH )
DATED 12/22/10, and KELLIE ELAINE )
GOLDSBOROUGH, TRUSTEE UNDER )
REVOCABLE TRUST AGREEMENT OF )
KELLIE ELAINE GOLDSBOROUGH ) C.A. No. N23C-03-196 VLM
DATED 12/22/10, )
)
        Plaintiffs, )
)
        v. )
)
KENT COUNTY, a political subdivision )
of the State of Delaware, KENT COUNTY )
LEVY COURT, the governing body of )
Kent County, FPS CEDAR CREEK )
SOLAR LLC, a Delaware limited liability )
company, and THE PINEY CEDAR )
TRUST, JAMES C. KNOTTS, JR., )
CHERYL A. KNOTTS, DE LAND )
HOLDINGS 1 LLC, a Delaware limited )
liability company, AMY PEOPLES, )
TRUSTEE OF THE PINEY CEDAR )
TRUST, and RICHARD A. PEOPLES, )
TRUSTEE OF THE PINEY CEDAR )
TRUST, )
)
        Defendants. )

# ORDER

Submitted: March 22, 2024
Decided: May 7, 2024

Upon Petitioner's Writ of *Certiorari* Regarding the Approval of the Conditional Use Permit Application by the Kent County Levy Court:

## AFFIRMED.

Theodore A. Kittila, Esq. and William E. Green, Jr., Esq., *Attorneys for Plaintiffs Citizens Against Solar Pollution, Donald Lee Goldsborough,* and *Kellie Elaine Goldsborough.* [1]

Max B. Walton, Esq., Lisa R. Hatfield, Esq., and Erica K. Sefton, Esq., Connolly Gallagher LLP, Newark, Delaware, *Attorneys for Defendants Kent County and Kent County Levy Court.*

Richard A. Forsten, Esq., Wendie C. Stabler, Esq., and James D. Taylor, Jr., Esq., Saul Ewing LLP, Wilmington, Delaware, *Attorneys for Defendants FPS Cedar Creek Solar LLC, DE Land Holdings 1 LLC, The Piney Cedar Trust, James C. Knotts, Jr., Cheryl A. Knotts, Amy Peoples, Trustee of the Piney Cedar Trust, and Richard A. Peoples, Trustee of the Piney Cedar Trust.*

**Medinilla, J.**

---

[1] On November 9, 2023, Plaintiffs' prior counsel was disbarred and compelled to withdraw from this matter. The matter was stayed on November 21, 2023, to await an entry of appearance for legal representation. Plaintiffs' new counsel entered their appearances on January 18, 2024.

# I. INTRODUCTION

The Kent County Levy Court approved a conditional use permit application filed by Defendant FPS Cedar Creek Solar, LLC, to construct a solar farm near property owned by members of Plaintiff Citizens Against Solar Pollution. Challenging the approval, Plaintiffs filed an action in the Court of Chancery seeking injunctive relief and a declaratory judgment. The Court of Chancery dismissed the case and granted Plaintiffs leave to transfer the matter to this Court after determining that it lacked subject matter jurisdiction because there was an adequate remedy at law available by common law writ of *certiorari*.

Plaintiffs filed an Amended Complaint in this Court seeking declaratory judgment in one count and *certiorari* review in another.[2] On Defendants' Motion to Dismiss, this Court dismissed the declaratory judgment claim but exercised its discretion to conduct *certiorari* review of the Levy Court's determination that approved the conditional use permit.[3] Having conducted *certiorari* review, the Levy Court's determination is **AFFIRMED,** and the remaining claim of Plaintiffs' Amended Complaint is dismissed with prejudice.

---

[2] Plaintiffs also filed a separate and redundant "Motion" for Writ of *Certiorari,* which this Court deemed moot.

[3] This Court previously determined that allowing Count II to survive dismissal did not afford any additional rights or change the limited scope for writ of *certiorari* review. This matter is therefore considered as a petition for writ of *certiorari*.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, Defendant FPS Cedar Creek Solar, LLC, a Delaware limited liability company ("Freepoint"), filed a request with the Kent County Levy Court ("Levy Court") to construct a solar farm, or farm fields arrayed with solar panels that produce electricity from sunlight.[4] Specifically, in application No. CS-21-09, FPS Cedar Creek Solar requested a Conditional Use with Site Plan Approval (the "Application") for a solar farm covering approximately 260 acres over three (3) parcels of land of over 500 acres known as the Knotts Farm and the Piney Cedar Trust Farm (the "Property") in Kent County.[5]

Through their trusts, Plaintiffs Donald Lee and Kellie Elaine Goldsborough own property in Smyrna that comprises roughly 342 acres (the "Goldsborough Property").[6] Both are members of Plaintiff Citizens Against Solar Pollution ("CASP"), a Delaware unincorporated nonprofit association.[7] The Goldsborough Property is adjacent to the Property.[8]

---

[4] *See* D.I. 48 (hereinafter "Defs.' Ans. Br.") at 1.

[5] Am. Compl. ¶ 6.

[6] *Id.* ¶¶ 2–3.

[7] *Id.*

[8] *Id.* ¶ 6.

Notice of the Application was sent to all nearby property owners, and a large sign announcing the Application was posted on the Property.[9] The Kent County Department of Planning Services issued a written report recommending approval, subject to certain conditions.[10] The Kent County Regional Planning Commission ("RPC") conducted a public hearing and recommended in favor of the Application.[11]

The Levy Court held the first public hearing for the Application on December 21, 2021.[12] The matter was tabled to introduce prepared public ordinances regarding solar power projects in Kent County.[13] The motion to table resulted in a 3-3 tie and the motion failed.[14] Immediately thereafter, a motion to deny the Application was seconded, but failed with another tie vote with one member absent.[15] A motion to table a vote on the Application carried with a 5-1 vote until a seventh Commissioner could be present.[16] Plaintiff CASP did not appear at the public hearings.[17]

---

[9] Defs.' Ans. Br. at 1.

[10] *Id.*

[11] *Id.*

[12] D.I. 47 (hereinafter Pls.' Open. Br.") at 8.

[13] *Id.*

[14] *Id.* at 9.

[15] *Id.*

[16] *Id.*

[17] Defs.' Ans. Br. at 2.

5

On January 25, 2022, after comments were made by various Commissioners,[18] the Levy Court approved the conditional use permit. The next day, it issued a Written Decision,[19] stating in relevant part:

> At its public hearing on January 25, 2022, the Levy Court of Kent County granted CONDITIONAL APPROVAL of application CS21-09 FPS Cedar Creek Solar, LLC, a conditional use site plan for a Solar Installation located outside the Growth Zone Overlay District.
>
> This is based on Exhibit A – the RPC Recommendation Report dated December 21, 2021; Exhibit B – Public Hearing Testimony dated December 2, 2021; and the findings of fact that:
>
> a. The subject site is zoned AC (Agricultural Conservation) and §§205-48 and 205-329 permit public utilities as a conditional use.
>
> b. The location is appropriate and not in conflict with the Comprehensive Plan.
>
> c. The public health, safety and general welfare will not be adversely affected.
>
> d. The application in [sic] compliant with the Adequate Public Facilities Ordinance.[20]

---

[18] *Id.* at 9–11.

[19] *Id.*

[20] Defs.' Ans. Br., Ex. 4 ¶ 1.

The Levy Court further mandated compliance "with all Staff and Agency Requirements as described in the December 21, 2021 RPC Recommendation Report," and further identified numerous conditions of approval.[21]

On March 25, 2022, Plaintiffs brought an action in the Court of Chancery seeking a preliminary injunction, permanent injunction, and declaratory judgment against all Defendants: the Levy Court and Kent County (the "County Defendants") as well as Freepoint, The Piney Cedar Trust, James C. Knotts, Jr., Cheryl A. Knotts, DE Land Holdings 1 LLC, Amy Peoples and Richard A. Peoples, Trustees of the Piney Cedar Trust (the "Freepoint Defendants").[22]

---

[21] *Id.* ¶ 2 (The Written Decision's conditions included: "a. The waiver . . . to allow panels installed within the required ditch buffer is granted given that the disturbance required for installation is limited . . . . b. The applicant shall submit a Reclamation Plan and a decommissioning surety . . . . c. Decommissioning must consist of 1. Physical removal of all solar photovoltaic installations, structures, equipment, security barriers and transmission lines from the site[.] 2. Recycling or disposal of all solid and hazardous waste in accordance with local, state, and federal regulations. 3. Stabilization or revegetation of the site as necessary to minimize erosion . . . . d. a soil study establishing the presence of any contaminants shall be completed prior to construction and every five years thereafter . . . . e. If topsoil is removed for improvements, it shall remain on the site. f. Perennial vegetative ground cover shall be maintained or established in all areas containing solar arrays and in required setbacks to prevent erosion and manage run-off.  g. Signage, not to exceed . . . .  h. Solar farms that do not produce energy for a continuous period of one year or more are presumed to have been abandoned . . . .  i. The proposed landscape buffers shall be a minimum of 100 ft. wide as presented at the December 2, 2021 public hearing.  j. The final plan must be approved within 24 months of preliminary plan approval and construction shall commence within 18 months of final plan approval.  k. Failure to comply with the conditions of approval or applicable regulations can result in a revocation of any permits issued for this conditional use and a revocation of the conditional use itself.").

[22] Am. Compl. ¶¶ 5–12.

7

Adopting the rationale of *Delta Eta Corporation v. City of Newark,*[23] the Court of Chancery found the Levy Court had acted in a quasi-judicial capacity, dismissed the Complaint for lack of subject matter jurisdiction, and granted Plaintiffs leave to transfer to this Court pursuant to 10 *Del. C.* § 1902 ("Chancery Action").[24] Plaintiffs filed in this Court seeking declaratory judgment in one count and *certiorari* review in another.

The circuitous procedural history following Plaintiffs' initial filing in this Court is familiar to the parties and has been already recounted by this Court. In lieu of repeating that history, the Court directs interested readers to the Court's previous opinion in this matter.[25]

More recently, this Court granted dismissal of Plaintiff's declaratory judgment claim but agreed to exercise discretion to conduct *certiorari* review of the Levy Court's approval of the conditional use permit.[26] Defendants then filed an Application for Certification of an Interlocutory Appeal.[27] Plaintiffs responded in

---

[23] *Delta Eta Corp. v. City of Newark*, 2023 WL 2982180, (Del. Ch. Feb. 2, 2023).

[24] *Citizens Against Solar Pollution v. Kent Cnty.*, 2023 WL 2199646 (Del. Ch. Feb. 24, 2023).

[25] *Citizens Against Solar Pollution v. Kent Cnty.*, 2023 WL 6884688, at *2-3 (Del. Super. Oct. 17, 2023).

[26] *Id.* at *12.

[27] D.I. 25.

opposition.[28]   This Court denied certification.[29]   Defendants appealed to the Delaware Supreme Court.[30]

In the interim, on November 13, 2023, Defendants filed the Certification of Record ("Record") to allow the Court to conduct *certiorari* review.[31]

That same day, this Court issued a stay due to the disciplinary/disbarment proceedings related to former Plaintiffs' counsel, Richard L. Abbott.[32]   After Plaintiffs' counsel was disbarred, another stay was entered pending an entry of appearance for Plaintiffs' counsel.[33]

On January 10, 2024, the Supreme Court refused interlocutory review.[34] Within a week, Plaintiffs' counsel entered their appearances.[35]  The Court then held a status conference to confirm the matter would proceed solely on a limited review.[36]

---

[28] D.I. 26, D.I. 27.

[29] D.I. 33.

[30] D.I. 34.

[31] D.I. 28.

[32] D.I. 29.

[33] D.I. 35.

[34] D.I. 36.

[35] D.I. 38.

[36] D.I. 39.

Thereafter, because the Record filed by Defendants included minutes and transcripts of the Levy Court's deliberations,[37] this Court requested clarification regarding the items that constituted the record for purposes of *certiorari* review. Additionally, this Court asked if Defendants sought to respond to the allegations that the County Defendants proceeded irregularly and/or invalidly in its approval of the conditional use permit.[38]

Plaintiffs' new counsel requested a briefing schedule.[39] Defendants responded that the inclusion of the minutes and transcripts was provided only out of an abundance of caution, and that the Court had sufficient information from which to conduct its limited review.[40] Given the recent involvement of Plaintiffs' counsel, this Court granted Plaintiffs' request for full briefing.[41] Plaintiffs filed their Opening Brief.[42] Defendants filed a Joint Answering Brief.[43] On March 22, 2024, Plaintiffs filed their Reply.[44] The matter is now ripe for decision.

---

[37] D.I. 28.

[38] D.I. 40.

[39] D.I. 42.

[40] D.I. 41 at 1.

[41] D.I. 43.

[42] Pls.' Open. Br.

[43] Defs.' Ans. Br.

[44] D.I. 49.

## III. STANDARD OF REVIEW

Article IV, Section 7 of the Delaware Constitution vests this Court with "original and exclusive jurisdiction among trial courts . . . to issue common law writs of *certiorari*."[45] One of the oldest common law writs, the writ of *certiorari* is "simply a form that calls up, for review, the record from the lower court or tribunal."[46] Such review is available only where "(1) the lower entity has acted in a judicial or quasi-judicial capacity,"[47] (2) "there is no other adequate remedy at law,"[48] and (3) "there is no right to appeal."[49] "[C]ertiorari involves a review of only such errors as appear on the face of the record being considered."[50] It is "*not* a

---

[45] *Young v. Red Clay Consol. Sch. Dist.*, 2015 WL 5853762, at *5 (Del. Ch. Oct. 2, 2015) (citing *Maddrey v. Just. of the Peace Ct. 13,* 956 A.2d 1204, 1207 (Del. 2008)); *see* 1 Victor B. Wooley, *Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware* §§ 894–896 (1906) (describing common law writ of certiorari as falling within authority of Superior Court); *see also* 10 *Del. C.* § 562 ("The Superior Court may frame and issue all remedial writs, including writs of habeas corpus and certiorari, or other process, necessary for bringing the actions in that Court to trial and for carrying the judgments of the Court into execution.")

[46] *Reise v. Bd. of Bldg. Appeals of Newark*, 746 A.2d 271, 273 (Del. 2000), *overruled by Black v. New Castle Cnty. Bd. of License,* 117 A.3d 1027 (Del. 2015) (citing *In re Butler*, 609 A.2d 1080, 1081 (Del. 1992)).

[47] *Delta Eta Corp. v. City of Newark*, 2023 WL 2982180, at *10 (Del. Ch. Feb. 2, 2023) ("The common law writ of certiorari lies to review acts that are judicial or quasi-judicial in nature.") (citations omitted) (citing *Dover Hist. Soc. v. City of Dover Plan. Comm'n*, 838 A.2d 1103, 1106 (Del. 2003)).

[48] *Id.* (citing *In re Petition of Howell*, 2007 WL 1114123, at *1 (Del. 2007)).

[49] *Id.*; *see Reise*, 746 A.2d at 272.

[50] *Castner v. State*, 311 A.2d 858, 858 (Del. 1973) (citations omitted).

substitute for, or the functional equivalent of, an appeal."[51]  Nor may this Court consider the case on the merits.[52]

Instead, the review is limited to a determination if the lower tribunal "(1) committed [an] error of law, (2), exceeded its jurisdiction, or (3) proceeded irregularly."[53]  Although the Court's review is limited to the "face of the record,"[54] a lower tribunal's decision "will be reversed for irregularities if the lower tribunal failed to create and adequate record to review."[55]

## IV. PARTIES' CONTENTIONS

Here, Plaintiffs do not challenge jurisdiction.  Instead, they assert the Levy Court failed to create an adequate record or proceeded irregularly and acted contrary to law.  As to the former, they argue the record is inadequate because some documents are illegible or not included such that the record precludes this Court

[51] *Maddrey v. Just. of Peace Ct. 13*, 956 A.2d 1204, 1213 (Del. 2008) (citing *Du Pont v. Fam. Ct. for New Castle Cnty.*, 153 A.2d 189, 194 (Del.1959)) ("[I]t is apparent that review by writ of *certiorari* is not the equivalent [of an appeal], for in such proceedings the evidence received in the inferior court is not part of the record to be reviewed in a *certiorari* proceeding.").

[52] *Christiana Town Ctr., LLC v. New Castle Cnty.*, 2004 WL 2921830, at * 2 (Del. 2004) (TABLE) ("The reviewing court does not consider the case on its merits; rather, it considers the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly." (citations omitted)).

[53] *Maddrey*, 956 A.2d at 1213.

[54] *Black*, 117 A3d. at 1031.

[55] *Jordan v. Town of Milton*, 2012 WL 5494667, at *3 (Del. Super. Oct. 31, 2012) (quoting *Christiana Town Ctr.*, 2004 WL 1551457, at *2).

from conducting a proper review.[56] As to the latter, Plaintiffs argue that the Levy Court's approval is manifestly contrary to law for various reasons: the Levy Court failed to adopt the statutorily required written ordinance; the solar farm is inconsistent with the Kent County Comprehensive Plan and the Kent County Zoning Code ("the Zoning Code"); the solar farm does not constitute a "public utility" as defined in the Zoning Code; solar power entails impervious coverage in excess of the 23% limitation permitted under the Zoning Code; and the Levy Court Commissioners failed to articulate valid grounds for approval, in violation of the Zoning Code.[57]

Defendants maintain that the standard for review on *certiorari* is limited,[58] the certified record is complete, adequate, and any argument regarding the legibility of the copies produced for review is untimely and baseless.[59] They maintain that the Levy Court was acting in a quasi-judicial capacity as already determined in the Chancery Action, and no requirement exists that the conditional use permit be adopted by ordinance.[60]

---

[56] Pls.' Open. Br. at 2.

[57] *Id.*

[58] Defs.' Ans. Br. at 7.

[59] *Id.* at 8–11.

[60] *Id.* at 11–13.

Furthermore, Defendants state that the conditional use permit is consistent with the County's Comprehensive Plan, and that Freepoint is a "public utility" under the Kent County Code such that any disagreement by Plaintiffs with the Levy Court's factual determinations are not subject to *certiorari* review.[61] Defendants argue that the impervious coverage argument was not raised below and is, therefore, waived.[62] Alternatively, they reiterate that Plaintiffs' argument must fail because challenges to issues such as the amount of impervious coverage are questions of fact not subject to *certiorari* review.[63] Defendants also maintain the Levy Court Commissioners properly stated their reasons for approval.[64] And lastly, Defendants contend that mere adjacency to the solar farm or claims of "special interest" are insufficient bases to confer standing.[65]

This Court considers if the Levy Court failed to create an adequate record and whether it proceeded illegally or manifestly contrary to law. The Court addresses them in turn.

---

[61] *Id.* at 14–19.

[62] *Id.* at 19.

[63] *Id.* at 19–21.

[64] *Id.* at 21–24.

[65] *Id.* at 25–27. Because the Court finds in favor of Defendants on *certiorari* review, it need not address the issue of standing.

## V. DISCUSSION

### 1. The Levy Court Created an Adequate Record

Plaintiffs' first challenge involves the adequacy of the Record. Here, the Record provided by the County Defendants consists of six exhibits to include the Application (including the site plan), the list of docket entries, the Levy Court's Written Decision, as well as the minutes and transcripts of both business meetings when the Application was discussed and voted upon.[66]

Plaintiffs argue the deficiencies for review include that the Record (1) is incomplete on its face;[67] (2) the inclusion of the minutes and transcripts is proper but does not prevent the Record from being fatally incomplete;[68] and (3) the Levy Court's decision improperly frames conclusions of law as findings of fact.[69]

Under Delaware law, the record on *certiorari* includes only "the complaint initiating the proceeding, the answer or response (if required), and the docket entries."[70] Here, the Application, the Written Decision of the Levy Court

---

[66] Defs.' Ans. Br. at 2 n. 2.

[67] Pls.' Open. Br. at 14.

[68] *Id.* at 17.

[69] *Id.* at 17–19.

[70] *Black*, 117 A.2d at 1031 (citing *Maddrey*, 956 A.2d at 1216; *see Abbott v. Del. Pub. Integrity Comm'n*, 2019 WL 937184 at *3 (Del. 2019); *see also Garber v. New Castle Cty. Dept. of Land Use*, 2017 WL 1224510, at *2 (Del. Super. Mar. 31, 2017).

memorializing its approval, and the list of docket entries, constitutes the Record under Delaware law.  The Record is complete.

Plaintiffs' protestations regarding the legibility of the land use maps (that may have been considered by the Levy Court) are without merit.  Furthermore, that the Record did not include the RPC Recommendation Report is also not a basis for reversal.  "It is settled in this jurisdiction that the evidence before the lower tribunal is not a proper part of the record in a common law certiorari proceeding."[71]  And such "[e]vidence received in the inferior court is not part of the record to be reviewed."[72]

Likewise, the Court cannot rummage through transcripts and minutes in search of error.  That they were included in the Record is of no consequence. Comments made by certain Levy Court Commissioners do not vitiate the collective determination reflected in the Written Decision.  Regardless, "[t]he Court may not comb through any transcripts, or any other form of evidence impermissible on certiorari review, in an effort to contradict [the] findings."[73] Plaintiffs' request to do just that exceeds the scope of review. The Record is adequate for *certiorari* review.

---

[71] *Rodenhiser v. Dept. of Pub. Safety*, 137 A.2d 392, 394 (Del. Super. 1957).

[72] *B.W. Elec., Inc. v. Gilliam-Johnson,* 2019 WL 1504366, at *3 (Del. Super. Apr. 4, 2019); *see also Black,* 117 A.3d at 1031 (citing *Du Pont,* 153 A.2d at 194); *Maddrey*, 956 A.2d at 1216.

[73] *Haden v. Bethany Beach Police Dept.*, 2014 WL 2964081, at *7 (Del. Super. June 30, 2014) (citing *Maddrey*, 956 A.2d at 1214); *see Handloff v. City Council of Newark*, 2006 WL 2052685,

## 2. Levy Court Did Not Proceed Illegally nor Contrary to Law

Plaintiffs next argue that the Levy Court acted contrary to law or irregularly because its decision to approve the conditional use permit "has the substantive outcome of permitting legislatively protected and preserved farmland to be put to industrial use."[74] They argue this is because the Levy Court did not adopt a statutorily required written ordinance.[75] And that its failure to do so dooms the Levy Court's determination as "essentially legislating from the bench because it interpreted—and misapplied—the Kent County Comprehensive Plan and Zoning Code."[76]

Advancing multiple arguments in painstaking minutia, Plaintiffs argue that the approval was inconsistent with the Kent County Comprehensive Plan in violation of 9 *Del. C.* § 4959(a), as well as Kent County Zoning Code § 205-251,[77] and that the solar farm does not qualify as a "public utility" for agricultural conservation purposes.[78] Furthermore, they ask this Court to declare the Levy Court's approval

---

at *2 (Del. Super. July 19, 2006) ("This Court has 'no power to correct a mistake of fact [] or erroneous conclusion from the facts . . . .'" (citations omitted)).

[74] Pls.' Open. Br. at 1.

[75] *Id.* at 19–22.

[76] *Id.* at 21–22.

[77] *Id.* at 23–24.

[78] *Id.* at 25–26.

invalid because a solar farm "involves impervious cover in excess of the 23% limitation permitted under Kent County Zoning Code § 205-251."[79] Lastly, Plaintiffs seek to reverse the Levy Court for an alleged failure to articulate valid grounds for its approval.[80] So, while Plaintiffs first argue the Record is incomplete or inadequate, they also ask the Court to conduct a deeper comprehensive review beyond it.

Plaintiffs first direct the Court to consider the land use map of the Kent County Comprehensive Plan to show that the Property is located in the Agricultural Conservation District.[81] They highlight that that the solar farm contemplated by the Application is not one of the enumerated uses for property designated as "Low Density Residential,"[82] and that the Property is outside the "Growth Zone Overlay," where Kent County's "primary interest. . . is to preserve agricultural land and rural infrastructure, protect environmentally sensitive areas, and protect the water quality of the Delaware Bay and Chesapeake Bay Watersheds."[83] Accordingly, Plaintiffs

---

[79] *Id.* at 27–28.

[80] *Id.* at 28–30.

[81] *Id.*

[82] *Id.*

[83] *Id.* at 24.

argue that the solar farm contemplated by the Application does not serve these interests and, therefore, the Levy Court exceeded its authority.

Next, Plaintiffs contend that because the solar farm does not fit the definition of a "public utility," it is not permitted in the Agricultural Conservation zone,[84] and the Application should not have been permitted.[85]  Plaintiffs next urge the Court to find that since more than half of the Property will be covered by impenetrable surfaces of solar panels, the approval is in violation of Zoning Code § 205-251.[86] And where neither local nor state codes have addressed "the proper way to calculate the impervious surface of solar panels," Plaintiffs beseech this Court to find the Levy Court further exceeded its authority.[87]

These arguments, while detailed, are improper for this Court's consideration. Again, "[*certiorari*] review is 'limited to errors which appear on the face of the record and does not embrace an evaluation of the evidence considered by the inferior tribunal.'"[88]  Plaintiffs' broad request would involve the Court engaging in a review akin to a traditional appellate review.  This is impermissible.

---

[84] *Id.* at 25.

[85] *Id.* at 26.

[86] *Id.* at 27.

[87] *Id.*

[88] *Haden*, 2014 WL 2964081, at *2 (citing *Maddrey*, 956 A.2d at 1214).

Similarly, this Court cannot conclude that the Levy Court failed to articulate valid grounds for its approval. After two hearings were conducted with submissions both in support and in opposition of the Application, the Levy Court's Written Decision sets forth its reasons for approval to include that: 1) the Property was zoned AC (Agricultural Conservation); 2) the provisions under §§205-48 and 205-329 permit public utilities as a conditional use; 3) the location was not in conflict with the Kent County Comprehensive Plan; 4) the public health, safety and general welfare will not be adversely affected; and 5) the Application was compliant with the Adequate Public Facilities Ordinance.[89]

The Levy Court further imposed upon the Freepoint Defendants more than ten specific conditions for approval, including but not limited to, the submission of a reclamation plan and decommissioning surety, the establishment of decommissioning protocol, expected compliance with recycling or waste disposal regulations, the maintenance of perennial vegetative ground cover to prevent erosion and manage run-off, adherence to stabilization or revegetation processes to minimize erosion, and the ongoing completion of soil studies.[90]

---

[89] Defs.' Ans. Br., Ex. 4 ¶ 1.

[90] *See id.* ¶ 2.

Plaintiffs' disagreement with the findings or conclusions in the Written Decision is an insufficient basis to invalidate the Levy Court's determination. The Levy Court properly stated its reasons for approval. Plaintiffs' arguments in support of a different result, again, impermissibly calls upon the Court to conduct an improper deep dive beyond the Record. "When conducting the review of the lower tribunal, this Court may not 'look behind the face of the record' nor may it engage in 'combing the transcript for an erroneous evidentiary ruling.'"[91]

Lastly, Plaintiffs' overarching argument that the Levy Court was "essentially legislating" is without merit. *Certiorari* review is available here because the Court of Chancery determined that the Levy Court acted in a quasi-judicial capacity. Plaintiffs' request that this Court instead find the Levy Court "essentially" did not so act in that capacity is improper.

Not only were these arguments previously considered and rejected in the Chancery Action when it adopted the rationale of *Delta Eta*, they are also well outside the scope of *certiorari* review here. Plaintiffs fail to establish that the Levy Court proceeded illegally or contrary to law. Nor do they establish that the Levy Court proceeded irregularly.

---

[91] *Dorsey v. AKA Mgmt.*, 2023 WL 4996696, at *2 (Del. Super. July 18, 2023) (citing *Maddrey*, 956 A.2d at 1215).

21

## VI. CONCLUSION

Upon consideration of the Record below, the Court finds that the Record is adequate for review. The Kent County Levy Court did not exceed its jurisdiction, proceed illegally or manifestly contrary to law, nor did it proceed irregularly. Accordingly, for the reasons stated above, the Levy Court's decision is **AFFIRMED.** Count II (writ of *certiorari*) of the Amended Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
J. Vivian L. Medinilla