JOHN A. RODENHISER, Plaintiff, v. THE DEPARTMENT OF PUBLIC SAFETY, and the following defendants individually: WILLIAM H. CANTWELL, FRANK J. HORTY, ARTHUR B. WILSON, ANDREW J. KAVANAUGH, MAURICE K. CLARK, WILLIAM S. SATTERTHWAITE, Defendants.

(*December* 26, 1957.)

HERRMANN, J., sitting.

*Joseph A. L. Errigo* for plaintiff.

586

*Stewart Lynch,* City Solicitor, and *James F. Kelleher,* Assistant City Solicitor, for defendants.

Superior Court for New Castle County, No. 180, Civil Action, 1957.

HERRMANN, J.:

The plaintiff seeks judicial review and reversal of his dismissal from the police force of Wilmington. The question presented for decision is whether this *certiorari* proceeding affords to the plaintiff the type and scope of review he seeks.

The Statute creating the Department of Public Safety of Wilmington, being 32 *Delaware Laws,* Chapter 111, Sec. 3, provides as follows:

"The said directors [of the Department] shall also take and subscribe * * * a further oath or affirmation that in every appointment and removal to be made by the said directors to and from the said Department, except in the discharge of superfluous employees, he will in no case and under no pretext, appoint or remove any fireman, policeman, officer or other person for any other cause or reason than individual fitness, or unfitness."
Section 10 provides:

"* * * The said directors shall also have full power to make such rules and regulations as they may deem necessary for the proper control and management of said department and the government of its officers, agents, members and employees, and they shall have full authority to enforce such rules and regulations by any lawful means."

The Statute does not provide a right of appeal from a dismissal from the Department.

Pursuant to the above Statute, the Department adopted rules and regulations creating a Trial Board and giving a police officer the right to a formal trial after written notice of charges brought against him, including the right to be represented by

counsel, the right to testify and to call witnesses in his own behalf and the right to cross-examine witnesses testifying against him.

The plaintiff was charged with being absent without leave in violation of the rules of the Bureau of Police. Trial upon that charge was held before the Trial Board which consisted of the President and the Superintendent of the Department, the Chief of the Bureau of Police and the Chief Engineer of the Bureau of Fire. The plaintiff appeared with counsel and entered a plea of not guilty on the ground that he lacked the mental capacity necessary to form the intent of violating the rule in question. The State Psychiatrist was the sole witness at the trial. He was examined by the plaintiff's attorney and cross-examined by the City Solicitor. In addition to this evidence, the attorneys agreed that the members of the Trial Board might take into consideration the plaintiff's "entire record" in the Bureau. The Trial Board found the plaintiff guilty as charged and he was dismissed from the Department.

By writ of *certiorari*, the plaintiff now seeks review and reversal of the action of the Trial Board and Department on the ground that there was no evidence before the Trial Board to support its conclusion that the plaintiff was capable of forming the intent necessary to commit the offense charged. The defendants have included in the record transmitted to this Court, in response to the writ of *certiorari*, a court reporter's transcript of the testimony and other proceedings before the Trial Board.

For the purposes of this case, I assume, without deciding, that the proceedings of the Trial Board were of such quasi judicial nature as to be reviewable upon common law *certiorari* to the extent of ascertaining whether the Board had jurisdiction and whether it exercised its jurisdiction according to law. See *Woolley on Delaware Practice*, Sections 894, 896, 920; *Rash v. Allen*, 1 *Boyce* 444, 458, 76 *A.* 370; *Russ v. Board of Education, etc.*, 232 *N. C.* 128, 59 *S. E.* 2d 589, 591; *Sweetnam v. Board of Police Com'rs etc.*, 56 *Cal. App.* 644, 206 *P.* 102; 10 *Am. Jur.* "Certiorari" § 15; 14 *C. J. S.* Certiorari § 28, pp. 173-

174. I am not required to decide that vigorously controverted question because the plaintiff may not prevail in this proceeding even if that issue is decided in his favor.

The plaintiff asks this Court to examine the transcript of the testimony and of the other proceedings before the Trial Board and to conclude from that examination that the decision of the Board must be reversed because there was no evidence before the Board to support its conclusion. This may not be done because the evidence before the Trial Board is not a proper part of the record presented for review by this proceeding.

This is a common law *certiorari* proceeding. See *Woolley on Delaware Practice*, Section 894. It is not a statutory *certiorari* such as has been created, for example, for the review of proceedings of the Board of Adjustment in zoning cases. See 22 *Del. C.* § 328. In that type of case, by reason of Statute, it appears that the evidence adduced before the Board may be a proper part of the record sent up on *certiorari*. The reviewable record in statutory *certiorari* proceedings differs, however, from that presented by common law *certiorari* proceedings. See *Searles v. Darling*, 7 *Terry* 263, 83 *A.* 2d 96, 98. For that reason the cases cited by the plaintiff, in which statutory *certiorari* was involved, are not in point. Compare *Degge v. Hitchcock*, 229 *U. S.* 162, 33 *S. Ct.* 639, 57 *L. Ed.* 1135; *Butin v. Civil Service Commission*, 179 *Iowa* 1048, 162 *N. W.* 565.

It is settled in this jurisdiction that the evidence before the lower tribunal is not a proper part of the record in a common law *certiorari* proceeding. In *Kowal v. State*, 10 *Terry* 549, 121 *A.* 2d 675, this Court recently held that it is futile to include the transcript of testimony as part of the record sent up on common law *certiorari* because this Court may not examine it for alleged error after it has been received. This conclusion was based on *Thompson v. Thompson*, 3 *W. W. Harr.* 593, 140 *A.* 697, 699, where our Supreme Court considered the proper method of obtaining review in a divorce case upon the ground, *inter alia*, that the evidence was not sufficient to warrant the grant of the decree. Judge Rodney there stated:

"With particular reference to a proceeding of divorce a writ of *certiorari* might now be effectual in getting the bare record before the appellate court, but it is difficult to see how, upon such a writ, the legality of the admission or exclusion of evidence or other proceedings upon which the decree or final judgment was rendered might be presented for review. The bare record may be without flaw upon *certiorari* but there may have been a want of legal evidence to support the decree.

\* \* \* \* \* \*

"Under all the circumstances, we are of the opinion that a writ of error is an allowable method to review the assigned error in a divorce case where it is the only method of presenting the error complained of. We fail to see why the dry husk of remedial form should be used to prevent the right of review. Such would be the case if *certiorari* were the only remedy in divorce cases because the testimony in connection with which the alleged error occurred would not be presented to this court by such writ."

Accordingly, it is held in the instant case that the transcript of the evidence before the Trial Board is not presented for review by this *certiorari* proceeding. This being so, the adequacy of the evidence to support the conclusion of the Trial Board is not reviewable in this proceeding.

It may well be that there should be a right of appeal from a determination of the Trial Board and the Department of Public Safety that cause exists for the dismissal of a policeman or fireman and that such appeal should include review of the evidence to ascertain whether there is competent evidence to support the conclusion. If there is to be such right of appeal, however, the Legislature must provide it. This Court may not enlarge the scope of the common law writ of *certiorari* for the purpose.

An Order will be entered on notice dismissing these proceedings.