DELAWARE STATE HOUSING AUTHORITY/CLARK'S CORNER, Petitioner,

v.

JUSTICE OF THE PEACE COURT 16 and Angel Fannin, Respondents.

C.A. No. 06A–11–001 WLW.

Superior Court of Delaware, Kent County.

Submitted: Jan. 19, 2007.

Decided: Jan. 25, 2007.

Jeffrey J. Clark, Esquire, Schmittinger & Rodriguez, P.A., Dover, DE, for the Petitioner.

James G. McGiffin, Jr., Esquire, Community Legal Aid Society, Inc., Dover, DE, for the Respondent Fannin.

Ralph K. Durstein, III, Esquire, Department of Justice, Wilmington, DE, for Respondent J.P. Court 16.

## ORDER

WITHAM, R.J.

Respondent Angel Fannin filed a Motion to Dismiss the Petition for Writ of Certiorari of Petitioner Delaware State Housing Authority/Clark's Corner.

The *salient* facts are as follows: The lease agreement in question is silent on the issue of the place where the tenant must pay rent. Title 25 *Del. C.* § 5501(b) states that rent shall be payable at the time and place agreed to by the parties. The Respondent argues that the lease agreement's silence on the issue is contrary to § 5501(b). On the other hand, the Respondent further points out that the Petitioner requires Respondent to send her rent payments to a New Jersey address. Thus, it looks as though the parties may have an "agreement" as to the place to pay rent, which is not contrary to § 5501(b).

Petitioner does not maintain an office for receipt of rent payments in Kent County, Delaware and requires payments be sent to a New Jersey mailing address. Title 25 *Del. C.* § 5501(d) extends the agreed on time for payment of rent by 3

days beyond the due date when the landlord fails to maintain an office or other permanent place for receipt of payments in the County in which the rental unit is located. Therefore, Respondent Fannin is afforded an extra 3 day extension beyond the due date for the payment of her rent.

The Respondent points out that without defining the term "late" in reference to a rent payment, or the term "late payment," the Lease confusingly addresses the timely payment of rent in four different ways. In § 2a., the lease agreement says, "rent in the amount of $307 shall be due on or before the first day of each month." In § 2g., the lease says, "all rent due and owing from the first (1st) working day of the month that is not paid by 4:00 p.m. on the seventh (7th) work day of the month is subject to imposition of a late fee ... Late charges will be imposed in all cases if arraignments have not been made with the Manager and approved in advance of the seventh (7th) working day of the month to make a late payment due to unusual circumstances." The lease agreement also provides that three (3) late payments in a twelve (12) month period is grounds for termination of the lease.

### Standard of Review

As a broad general rule, a Writ of Certiorari lies from the Superior Court to inferior tribunals, to correct errors of law, to review proceedings not conducted according to law, and to restrain an excess of jurisdiction.[1] Errors of law occur where the record shows that the lower tribunal has proceeded illegally or manifestly contrary to law.[2] The Court has no power under the standard common law Writ of Certiorari to correct a mistake of fact or an erroneous conclusion from the facts, even though interpretation given to the facts or the law by the governmental agency ... may have been erroneous.[3] The Supreme Court has stated that review on Certiorari is not the same as review on appeal because review may not weigh evidence or review the lower tribunal's factual findings.[4] The reviewing court [of a common law Writ of certiorari] does not consider the case on its merits; rather, it considers the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly.[5]

### Discussion

The Justice of the Peace Court dismissed the Amended Complaint for Summary Possession in the proceeding below, pursuant to 25 *Del. C.* § 5708(2) & (3). Title 25 *Del. C.* § 5708(2) & (3) provides that "If possession of the rental unit is sought on the grounds that the tenant has violated or failed to observe a lawful obligation in relation to tenant's use and enjoyment of the rental unit, the complaint shall, in addition to the requirements of the foregoing section: (2) Allege with specificity the facts constituting a breach of the rule or provision of the rental agreement and that notice or warning as required by law was given to the tenant; [and] (3) Set forth the facts constituting a continued or recurrent violation of the rule or provision of the rental agreement ... "

1. *Handloff v. City Council of Newark,* 2006 WL 1601098, *7 (Del.Super.).

2. *Id.*

3. *Id.* citing to *Capano Investments v. Levenberg,* 1988 WL 139892, *2 (Del.Super.).

4. *Id.* citing to *Mason v. Bd. of Pension Trustees,* 468 A.2d 298, 299 (Del.Super.Ct.1983).

5. *Id.* citing to *Dover Historical Soc'y v. City of Dover Planning Comm'n,* 838 A.2d 1103, 1106 (Del.2003).

The Petitioner argues that the Court committed clear legal error, which is manifest on the face of the pleadings, when the Court dismissed the Complaint. The particular error asserted in the Petition for Certiorari is the lower Court's application of 25 *Del. C.* § 5708(2) & (3).[6] On the other hand, the Respondent argues that the Petitioner's actual objection is to the application of the facts (the language of the Amended Complaint) to the law (25 *Del. C.* § 5708(2) & (3)).

Respondent argues that the Petitioner cannot claim that as a matter of law, payment was late if not paid on or before the first of the month, and that whether payment of rent was late is a question of fact. The Lease and Amended Complaint allow for a variety of possible factual scenarios where rent paid after the first of the month is not "late." The Amended Complaint does not address the issue with specificity. Ms. Fannin further argues that the Complaint is silent as to the date the rent [third] payment was received, so the Complaint lacks the required specificity of factual allegation required by statute. Therefore, Respondent claims that the JP Court rightly found that the Complaint was deficient and dismissed the action without prejudice, the decision of the three-judge panel was not arbitrary or capricious and the Petition for Writ of Certiorari should be dismissed.

The Justice of the Peace Court determined that the Amended Complaint lacked the required factual specificity and dismissed the Complaint pursuant to 25 *Del. C.* § 5708(2) & (3). A Motion to Dismiss a Complaint presents the trial court with a question of law and is subject to *de novo* review by [this] Court on appeal.[7] When the JP Court dismissed the Amended Complaint for lack of factual specificity, the Court made the legal conclusion that 25 *Del. C.* § 5708(2) & (3) had not been met. Moreover, the Court likely relied on its interpretation of the lease agreement between the parties in determining that the Amended Complaint lacked factual specificity. Ordinarily, a question of contract interpretation is reviewed *de novo* as a question of law.[8]

A Writ of Certiorari lies from the Superior Court to inferior tribunals, to correct errors of law, to review proceedings not conducted according to law, and to restrain an excess of jurisdiction. In the case *sub judice*, the Petitioner is challenging a question of law, which this Court can review pursuant to a Writ of Certiorari.

Based on the foregoing, Respondent Fannin's Motion to Dismiss the Petitioner's Writ of Certiorari is *denied.* IT IS SO ORDERED.

---

6. The lease agreement was incorporated as part of the Amended Complaint for Summary Possession in the proceeding below and neither describe the term "late payment."

7. *Stifel Financial Corp. v. Cochran,* 809 A.2d 555, 557 (Del.Supr.2002). The Supreme Court was reviewing a Court of Chancery decision in *Stifel Financial Corp.*

8. *Delaware Bay Surgical Services, P.C. v. Swier,* 900 A.2d 646, 650 (Del.Supr.2006).