IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| ALAN T. BROOKS, | § |
| | § No. 586, 2015 |
| Plaintiff Below- | § |
| Appellant, | § |
| | § |
| v. | § Court Below: Superior Court |
| | § of the State of Delaware |
| DR. RAY LYNCH, DR. PATRICIA | § |
| MUDHA, and JENNIFER | § C.A. No. N15C-10-023 |
| KRAFCIK, R.N., | § |
| | § |
| Defendants Below- | § |
| Appellees. | § |

Submitted: July 22, 2016
Decided: October 13, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 13th day of October 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The plaintiff-appellant, Alan T. Brooks, filed this appeal from the Superior Court's order summarily dismissing his complaint. Brooks' complaint sought a declaratory judgment and a writ of mandamus directing the defendants to medically approve Brooks' request for ultraviolet radiation treatment for his skin condition, known as vitiligo. We find no merit to Brooks' appeal. Accordingly, we affirm the Superior Court's judgment.

(2)   Brooks is incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware. The defendants are alleged to be the medical director, a doctor, and a nurse who worked at JTVCC between 2012 and 2015.[1] Brooks alleged in his complaint that he had open heart surgery to replace an aortic valve on October 18, 2012 at Kent General Hospital. On October 24, 2012, he was discharged from the hospital with a prescription for six weeks' worth of Oxycodone and vitamins and returned to the custody of JTVCC. After spending a week in the prison infirmary, Brooks alleged that defendant Mudha discharged him without his Oxycodone medication. Brooks alleged that as a result of his ongoing pain, his immune system was weakened, causing him to develop vitiligo disease[2]

(3)   Brooks' complaint further alleged that, in April 2015, he was allowed to see an outside dermatologist for his vitiligo. Brooks alleged that the dermatologist prescribed vitamins, a topical cream, and twice per week ultraviolet radiation therapy treatments for a period of six weeks. Brooks

---

[1] Brooks' complaint did not allege that the defendants are State employees. Indeed, it appears that the defendants are or were employed by an outside company with whom the State contracts to provide medical services in Delaware's correctional facilities.

[2] Vitiligo is "a disease that causes the loss of skin color in blotches.... Vitiligo occurs when the cells that produce melanin die or stop functioning.... The condition is not life-threatening or contagious. It can be stressful or make you feel bad about yourself. Treatment for vitiligo may improve the appearance of the affected skin but does not cure the disease." http://www.mayoclinic.org/diseases-conditions/vitiligo/basics/definition/con-20032007

alleged that defendant Lynch denied his radiation treatments in bad faith. Brooks filed a medical grievance with prison officials. The Department of Correction's ("DOC") grievance panel upheld the decision to deny treatment. Brooks alleged that the panel's denial of his grievance was based on a fraudulent statement by defendant Krafchik, indicating that she had contacted the outside dermatologist who verified that the ultraviolet therapy was not for dermatitis and, therefore, was not approved.

(4) Brooks filed his complaint seeking a declaratory judgment under 10 *Del. C.* § 6501 and a writ of mandamus under 10 *Del. C.* § 564. Brooks sought a declaration that: (i) defendant Krafchick had engaged in fraud and misfeasance; (ii) defendant Lynch had violated Brooks' statutory right to medical care under 11 *Del. C.* § 6536 by denying his vitiligo treatment for financial reasons;[3] and (iii) all three defendants had violated Brooks' right to equal protection under the Fourteenth Amendment of the United States Constitution. Brooks also requested the Superior Court to issue a writ of

---

[3] Subsection (a) of 10 *Del. C.* § 6536 requires the DOC to establish "reasonable health, medical and dental services" for each correctional facility. Although subsection (b) requires the DOC to charge a reasonable fee for every medical appointment initiated by an inmate, it also states that "an inmate shall not be refused medical treatment for financial reasons." The DOC is directed to debit an inmate's account later whenever funds are deposited into the account. 10 *Del. C.* § 6536(b).

3

mandamus directing the defendants to permit Brooks to complete his ultraviolet radiation treatments.

(5) The Superior Court summarily dismissed Brooks' complaint on the ground that it was both factually and legally frivolous and failed to state a claim upon which relief could be granted. The trial court interpreted Brooks' complaint as attempting to state a medical malpractice action against the defendants. The Superior Court found that any claims relating to his recovery from his 2012 open heart surgery were barred by the statute of limitations and that any claims relating to his 2015 diagnosis of vitiligo were barred because Brooks' complaint was not accompanied by an affidavit of merit. This appeal followed.

(6) In his opening brief, Brooks contends that the Superior Court erred in treating his complaint, which sought a declaratory judgment and a writ of mandamus, as a medical malpractice action. Brooks also asserts that, even if his complaint were properly construed as a malpractice action, it was not barred by the statute of limitations and that the discharge instructions provided by his outside treating physician should have satisfied the affidavit of merit requirement because he is incarcerated and unable to obtain an expert's affidavit.

4

(7)     The Superior Court has discretion to determine whether to entertain a declaratory judgment action,[4] and we review the Superior Court's decision to accept or deny jurisdiction over a declaratory judgment action for abuse of discretion.[5] The Superior Court may not issue a declaratory judgment, however, unless the action presents an actual, ripe controversy between parties whose interests are real and adverse.[6] We review questions of justiciability *de novo*.[7]

(8)     The stated purpose of the Delaware Declaratory Judgment Act is "to afford relief from uncertainty and insecurity with respect to [a party's] rights."[8] It provides a method for resolving a dispute where no other remedy exists.[9] In this case, a declaratory judgment was inappropriate for several reasons. First, Brooks appealed defendant Lynch's decision denying ultraviolet treatment of his vitiligo through the DOC's established grievance process. The DOC grievance panel upheld Dr. Lynch's decision. Although Brooks was unhappy with that result, his controversy has been heard. A declaratory judgment action is not a means to appeal a decision rendered through the DOC's

---

[4] 10 *Del. C.* § 6506.

[5] *Gannett Co., Inc. v. Bd. of Mgrs. of DELJIS*, 840 A.2d 1232, 1237 (Del. 2003).

[6] *XL Specialty Insur. Co v. WMI Liquidiating Trust*, 93 A.3d 1208, 1217 (Del. 2014).

[7] *Id.*

[8] 10 *Del. C.* § 6512.

[9] *Mason v. Board of Pension Trustees*, 468 A.2d 298, 300 (Del. Super.), *aff'd*, 473 A.2d 1258 (Del. 1983).

grievance process. Second, Brooks had no basis for invoking declaratory relief against three individuals who have no cognizable interest in upholding the decision of the prison grievance board denying Brooks' request for treatment.[10]

(9) Brooks' request for mandamus relief against these three individuals also is inappropriate for several reasons. First, Brooks cannot establish a "clear legal right to the performance of a non-discretionary duty"[11] because prison authorities have "wide discretion" in the medical treatment afforded to prisoners.[12] Moreover, Brooks' request that these individual defendants be directed to permit him to complete his ultraviolet radiation therapy is misdirected. Any medical decisions made by the defendants were upheld by the prison officials charged with reviewing Brooks' grievances. Brooks did not seek a writ of mandamus against any public official, agency, or court, but instead requested the writ to be issued to individuals against whom such a writ will not lie.[13]

(10) Similarly, to the extent Brooks' complaint can be construed to assert a direct cause of action under 10 *Del. C.* § 6536(b) because his request for

---

[10] *Cf. Wilmington Trust Co. v. Barron*, 470 A.2d 257, 262 (Del. 1983) (holding that declaratory judgment was an inappropriate remedy because a judicial officer has no cognizable interest in seeking to have his legal interpretations sustained).

[11] *Darby v. New Castle Gunning Bedford Ed. Ass'n*, 336 A.2d 209, 210 (Del. 1975).

[12] *Deputy v. Conlan*, 2007 WL 3071424, *2 (Del. Oct. 22, 2007).

[13] *Saunders v. Murphy*, 2016 WL 936941 (Del. Mar. 10, 2016).

treatment allegedly was denied "for financial reasons,"[14] his complaint still would have been subject to summary dismissal for a simple reason. To the extent Section 6536 imposes any obligations upon which a cause of action could be stated (a proposition that we do not decide), those obligations are owed by the Department of Correction, which Brooks did not sue in this action. The individual defendants could not be proper defendants to any statutory claim under Section 6536. It is therefore understandable why the trial court focused its attentions on Brooks' key allegation, namely that he was the victim of medical malpractice.

(11) All of the claims asserted in Brooks' complaint filed in the Superior Court depended in some form upon Brooks' allegations of medical malpractice.[15] Brooks cannot avoid the requirement that such malpractice claims must be accompanied by an affidavit of merit simply by couching his malpractice claims as claims for declaratory and/or mandamus relief. Brooks is not exempt from the requirement of providing an expert medical affidavit simply because he is an incarcerated individual.[16] We find no error in the Superior Court's dismissal of Brooks' complaint for failing to file an affidavit of

---

[14] 10 *Del. C.* §6536(b)

[15] *See Walls v. Cooper*, 1991 WL 247806, *4 (Del. Nov. 8, 1991).

[16] *Id.* at *5.

7

merit as required by 18 *Del. C.* § 6853(a). Given that holding, we do not address the argument in regard to the statute of limitations.[17]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Randy J. Holland
Justice

---

[17] *See id.* at *6.