# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DANIEL D. JONES,                          )
                                          )
    Petitioner,                       )
                                          )
    v.                                )
                                          )  C.A. No. N16M-04-092 CLS
DEPT. OF CORRECTION CENTRAL               )
OFFENDER RECORDS,                         )
                                          )
    Defendants.                       )
                                          )
                                          )

Decided: January 29, ~~2017~~ 2018 [1]
Corrected: January 30, 2018
*On the State's Motion to Dismiss.*
**GRANTED.**

## ORDER

Petitioner Daniel D. Jones ("Petitioner") filed a mandamus petition on April 20, 2016. Petitioner claims that the Department of Corrections Central Records[2] has not awarded the two days per month Petitioner is entitled to under 11 Del. C. § 4381 for good behavior. Respondent, The State of Delaware ("the State") filed a Motion to Dismiss Petitioner's mandamus petition on February 24, 2017. Pursuant to 11

---

[1] The Court originally incorrectly dated this Order January 29, 2017. The correct date is January 29, 2018.

[2] In the State's Motion, the State acknowledges that the Department of Correction Central Offender Records is a subdivision in the Department and an arm of the State of Delaware. Although Central Records was not served properly, the State offered its Response "for the sake of judicial economy and expediency to a just and proper resolution of this action and without waiver of all jurisdictional defenses."

*Del. C.* § 4381(a), "sentences may be reduced by good time credit under the provisions of this subchapter and rules and regulations adopted by the Commissioner of Corrections."[3] The statute provides that "good time may be earned for good behavior while in the custody of the Department of Correction when the person has not been guilty of any violation of discipline, rules of the Department or any criminal activity and has labored with diligence toward rehabilitation."[4] This good time credit may be applied at a rate of 2 days per month during the first year of any sentence, and 3 days per month after completing 365 days of a sentence.[5] Additionally, "[n]o person shall be awarded more than 36 days of good time under this subsection for good behavior in any 1 year consisting of 365 calendar days actually served."[6] Credit may be "earned by participation in education, rehabilitation, work, or other programs as designated by the Commissioner. Good time may be awarded for satisfactory participation in approved programs at a rate of up to 5 days per calendar month."[7] Similarly, "[n]o more than a total of 160 days of 'good time' may be earned in any 1 year consisting of 365 days actually served," and "good time shall be credited to the consolidated time being served" if an offender is serving multiple sentences.[8]

---

[3] 11 *Del. C.* § 4381(a).
[4] 11 *Del. C.* § 4381(c).
[5] *See* 11 *Del. C.* §§ 4381(c)(1),(2).
[6] 11 *Del. C.* § 4381(c)(3).
[7] 11 *Del. C.* § 4381(d).
[8] 11 *Del. C.* § 4381(e).

In Delaware, "courts have consistently followed the standards of Superior Court Civil Rule 12(b)(6) when considering motions to dismiss writ of mandamus petitions."[9] The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[10] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[11] The complaint must be without merit as a matter of fact or law to be dismissed.[12] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[13] The Delaware Supreme Court has held that when "deciding a motion to dismiss with respect to a petition for a writ of mandamus, [the] Court must consider the standards a party must meet in obtaining a writ."[14] Under 29 *Del. C.* § 10143, "any person aggrieved by the failure of an agency to take action required of

---

[9] *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016).

[10] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

[11] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. 1983).

[12] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).

[13] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537)).

[14] *Allen v. Coupe*, 2016 WL 676041, at *2 (citing *Caldwell v. Justice of the Peace Court No. 13,* 2015 WL 9594709, at *3 (Del. Super. Dec. 30, 2015)).

it, by law, may bring an action in the Court for an appropriate writ of mandamus."[15] In the Superior Court, "a writ of mandamus issues to require of an inferior court or administrative body the performance of a clear legal duty."[16] Thus, the petitioner must be able to show that "he [or she] has a clear legal right to the performance of the duty; no other adequate remedy is available; and the [lower body] has arbitrarily failed or refused to perform that duty."[17] This court may issue a writ of mandamus "only when a plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty."[18] A non-discretionary or ministerial duty "is one which is prescribed with such precision and certainty that nothing is left to discretion or judgment."[19]

In the State's Motion, the State claims that Petitioner is serving a total of 19 years Level 5 incarceration,[20] and the total statutory good time received and applied to Petitioner's overall sentence is 672 days. The State claims that this is two days per month for the first year and 3 days per month thereafter. This calculation is then subtracted from the overall maximum expiration date (MED) to compute his release

[15] *See* 29 *Del. C.* § 10143.
[16] *Benson v. Streett*, 2011 WL 2930134, at *1 (Del. Super. July 15, 2011)(quoting *Mason v. Bd. of Pension Trustees,* 468 A.2d 298, 300 (Del. Super. 1983)).
[17] *Allen*, 2016 WL 676041, at *2.
[18] *Benson*, 2011 WL 2930134, at *1.
[19] *Id* (quotations omitted). "Put another way, a ministerial act is one that must be performed in a prescribed manner without regard to the actor's judgment as to its propriety or impropriety'." *Id.*
[20] Criminal case numbers 1212018608, 1312007057, and 1310006438.

4

date from Level 5 custody. The State provides that Petitioner's MED, based on his initial 19-year, sentence is November 3, 2032. However, Petitioner has 672 days of statutory good-time which presents him with a short time release date (STRD) from Level 5 on January 1, 2031. The State also claims that Petitioner has earned 185 meritorious credits for working, programs, and education. However, only 130 of these days may apply as a credit toward his STRD. The State argues that Petitioner failed to state a claim for a writ of mandamus because he has not established a clear legal right to a non-discretionary duty and that there is no other adequate remedy available.

Petitioner's Response states that he does not contest the State's position in paragraphs 1 and 3 of the State's Motion. However, Petitioner challenges paragraphs 2, 4, 6, 7, 8 and 9. Petitioner argues that from his 185 meritorious credits for working, programs and education, only 130 were applied as a credit towards his STRD. Petitioner points to 11 *Del. C.* § 4381 which states that "[n]o more than a total of 160 days of 'good time' may be earned in any 1 year consisting of 365 days actually served." Based on this provision in the statute, Petitioner argues that because he earned 185 days of good time credit, and this provision of the statute allows for 160 days applied per year, that 30 days of credit are unaccounted for. Petitioner also claims that all other adequate remedies have been denied by DOCCOR. The Court asked the State to submit a supplemental response as to how

5

the State calculated Petitioner's good time earned. The State filed its supplement on September 29, 2017. The State provided that the Petitioner's release date, based on his initial 19-year sentence, is November 3, 2032. The Petitioner filed a Response to the State's submission on October 16, 2017. The Petitioner points out that the State claims he is entitled to earn up to 5 days per calendar month for earned good time. The Petitioner claims that the language of the statute does not limit the amount of good time earned in a calendar month, rather, the statute says that 5 days is the maximum amount to earn for participation in education, rehabilitation, work, or other programs as designated by the Commissioner.

11 *Del. C.* § 4381 provides two avenues for inmates to earn "good time". Section (c) of the statute allows inmates to earn "good time" for "good behavior while in the custody of the Department of Correction when the person has not been guilty of any violation of discipline, rules of the Department or any criminal activity and has labored with diligence toward rehabilitation."[21] The rate that this time is calculated is 2 days per month during the first year of a sentence and then 3 days per month after the first year of sentence.[22] The maximum amount of "good time" that an inmate can earn under section (c) is 36 days per year.[23] Section (d) of the statute allows for inmates to earn "good time" through "participation in education,

---

[21] 11 *Del. C.* § 4381(c).
[22] *See* 11 *Del. C.* §§ 4381(c)(1),(2).
[23] *See* 11 *Del. C.* § 4381(c)(3).

rehabilitation, work, or other programs as designated by the Commissioner. Good time may be awarded for satisfactory participation in approved programs at a rate of up to 5 days per calendar month"[24]   For both types of "good time" that may be earned, an individual may not earn more than 160 days in one year.[25]  Petitioner has earned a total of 189 meritorious credits pursuant to 11 *Del. C.* § 4381(d) which can only be credited at a rate of 5 days per month. The State contends that out of the 185 meritorious credits Petitioner may only credit 130 towards his release date due to the 5 day per month earning restriction.[26]  Petitioner has not set forth any allegations to contradict the State's position.   For the foregoing reasons, the State's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**

**Judge Calvin L. Scott, Jr.**

---

[24] 11 *Del. C.* § 4381(d).
[25] 11 *Del. C.* § 4381(e).
[26] This calculation was based at the time the petition was filed.