SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

March 3, 2020

Dean A. Campbell, Esquire
110 W. Pine Street
Georgetown, DE 19947

Ann Dyson
602 S 6th Street
Delmar, MD 21875

Re: *Tim Riale v. Ann Dyson and Justice of the Peace Court   No. 17*
Case No. S19A-09-002-ESB

Dear Counsel and Ms. Dyson:

This is my decision on Petitioner Tim Riale's Writ of Certiorari in this landlord-tenant case. A three-judge panel of the Justice of the Peace Court ruled that the lease in question was enforceable because it was not subject to transfer taxes. Riale then filed this writ. I have concluded that the Judges' decision was correct.

Facts

David Walton, as landlord, and George and Ann Dyson, as tenants, signed a "Residential Lease" on December 13, 1997. The lease was for the 16 +/- acre "Evergreen" farm in Sussex County, Delaware. The term of the lease was 47 years and the rent was $150 per month. A mobile home was on the property at one time,

but it had been destroyed. No mobile home was on the property at the time the lease was entered into by the parties. The Dysons purchased and put a mobile home on the property at some time, but I cannot tell from the Judges' decision when they did so. Walton died, leaving the "Evergreen Farm" and his interest in the lease to his sister, who retained Tim Riale to represent her interests in this matter. George Dyson died, leaving his wife, Ann, as the sole tenant. The lease was not recorded and no transfer taxes were paid. Riale brought an action for summary possession against Ann, arguing non-payment of rent and other violations of the lease. Riale also argued that the lease was not enforceable because it had never been recorded and no transfer taxes had been paid.

A three Judge Appellant Panel ruled as follows on the enforceability issue:

> The facts before the Court are that the lease is for 47 years. While the title of the document says it is a residential lease, and the intention of the parties was for the Dysons to live on the property, the lease is actually for a "16+/- acre farm known as Evergreen." The residential unit placed on the property is owned by Mrs. Dyson. Examining the language of the transfer tax statute closely, it clearly states that, for the purposes of that statute, "the term 'residential property' means any structure or part of structure which is intended for residential use." A land lease is not a "residential property" for purposes of the transfer tax statute because it is not "a structure or part of a structure." Since the transfer tax statute does not apply, then the lease is a valid lease and the Plaintiff is obligated to abide by its terms in the removal of the tenant.

2

Riale argues that the Judges' decision is wrong because the lease is covered by *25 Del. C. § 158*. Riale specifically argues that the lease is either (1) a lease for residential property covered by *30 Del. C. § 5401(5)(c)*, or (2) for a building for occupancy that was constructed within one year of the signing of the lease and covered by *30 Del. C. § 5401(9)a.* If the lease is subject to one or both of these provisions, then it is unenforceable because it was not recorded and no transfer taxes were paid.

## Standard of Review

The review of Riale's writ is limited to errors which appear on the face of the record.[1] Review on certiorari is on the record and the reviewing court may not weigh evidence or review the lower tribunal's factual findings.[2] "The reviewing court does not consider the case on its merits; rather, it considers the record to determine whether the lower tribunal exceeded its jurisdiction, committed errors of law, or proceeded irregularly."[3]

## Enforceability
## 25 Del. C. § 158

No document defined or described in § 5401(5) of Title 30 and not exempt from transfer tax on the basis of § 5401(1) of Title 30 or

---

1 *Mason v. Bd. Of Pension Trustees,* 468 A.2d 298, 299 (Del. Super. Ct.), aff'd, 473 A.2d 1258 (Del. 1983).
2 Christiana Town Ctr., LLC v. New Castle Cty., 865 A.2d 521 (Del. 2004)
3 *Id.*

otherwise, shall be enforceable in any court of this State unless such document, or a memorandum thereof identifying the parties thereto, the premises, and the duration of the interest created thereby, including any renewals and purchase options, shall have been recorded in the office of the recorder of deeds in the county in which the premises or any part thereof are located within 15 days of the commencement of the term provided by such document; provided, however, that upon recordation and payment of any and all taxes, penalties and other charges relating thereto, any document rendered unenforceable by this statute or any predecessor statute shall be renewed and revived with the same force and effect as if it had never been unenforceable.

Realty Transfer Tax (Leases)
30 Del. C. § 5401(1)(b)

As used in this subchapter, except where the content clearly indicates a different meaning:

(1) "Document" means any deed, instrument or writing whereby any real estate within this State, or any interest therein, shall be quitclaimed, granted, bargained, sold, or otherwise conveyed to the grantee, but shall not include the following:

(b) Any lease other than those described or defined in paragraph (5) of this section below;

Long-Term Residential Leases
30 Del. C. § 5401(5)(c)

(c)   Any writing purporting to assign or transfer a leasehold interest or possessory interest in residential property under a lease for a term of more than 5 years. For this purpose, the term

"residential property" means any structure or part of structure which is intended for residential use, and excluding any commercial unit subject to tax under § 2301(a)(6) of this title, relating to commercial lessors.

Construction Within One Year
30 Del. C. § 5401(9)a

(9)a. Notwithstanding paragraph (1) of this section, there shall be included in the definition of "document" for purposes of this chapter any contract or other agreement or undertaking for the construction of all or a part of any building all or a portion of which contract, agreement or undertaking (or any amendment to the foregoing) is entered into, or labor or materials are supplied, either prior to the date of the transfer of the land on which the buildings to be constructed or within 1 year from the date of the transfer to the grantee.

Argument One

Riale argues that the lease is subject to § 5401(5)(c). This section would be applicable if the lease was for a residential property, which means any structure or part of a structure which is intended for residential use. The Judges found that 5401(5)(c) is not applicable because the lease was for a farm and not for residential purposes. Although the Judges' decision is not a model of clarity, I conclude that it is correct. Riale admits that there was no mobile home on the property when the lease was entered into and that it was the Dysons who sometime later bought a

5

mobile home and put it on the property. Thus, since there was no mobile home on the property when the lease was signed, there was no structure on the property that was intended for residential use. The only thing that Walton leased to the Dysons was a farm unimproved with any structures for residential use. Moreover, Walton clearly was not leasing the mobile home to the Dysons because they owned it. Therefore, the Judges are correct and § 5401(5)(c) does not apply.

## Argument Two

Riale argues that the lease is subject to § 5401(9)a because there was a contract or agreement or undertaking between Walton and the Dysons to put a mobile home on the property within one year of the date the lease was entered into by the parties. There are a number of problems with this argument. One, the Judges never addressed this argument in their decision, leaving me nothing to review. Two, there is no factual finding by the Judges - or apparently any evidence - that the Dysons put a mobile home on the property within one year of the date the lease was entered into. Three, the lease itself does not provide that either party to it has an obligation to construct a building - or place a mobile home - on the property within one year of the date the lease was entered into. It is the lease that Riale is claiming is unenforceable because of § 5401(9)a. Thus, if the requirement to construct a building on the property is not in the lease, then for the purposes of this

6

litigation the fact that such a requirement may be in some other agreement is irrelevant. Put another way, finding that some other agreement is unenforceable does not relieve Riale of his obligations under the lease. Four, I note that a conveyance of a manufactured home is not a "document" under Title 25 provided the tax on the conveyance has been paid under *30 Del. C. § 3002*. That is also not addressed in the Judges' decision. In any event, for a number of reasons, Riale's second argument fails.

In sum, I have concluded that the Judges were correct when they found that the lease was enforceable because it was not subject to transfer taxes.

### Conclusion

Tim Riale's Writ of Certiorari is DENIED.

IT IS SO ORDERED.

Very truly yours,

E. Scott Bradley

ESB/tll

cc:  Prothonotary
     Adria B. Martinelli, Esquire
     The Honorable Alan G. Davis

7

FILED PROTHONOTARY
SUSSEX COUNTY
2020 MAR -3 A 8:39